FILED

99 NOV -9 AM 10: 06

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

NOV 0 9 1999

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

| | |
|---|---|
| JAMES O. SCREVEN, III, d/b/a ) | |
| REP SUPPORT SERVICES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 99-PT-1627-M |
| ) | |
| KENYON CONSUMER PRODUCTS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff James O. Screven, III ("the plaintiff"), filed this diversity action on June 23, 1999, to recover commissions due from defendant Kenyon Consumer Products, Inc. ("Kenyon" or "the defendant"), pursuant to the Alabama Sales Representative's Commission Contracts Act, as amended. *Ala. Code* §§ 8-24-1, *et seq.* (1995 Cum. Supp.). (Doc. 1). Kenyon was purportedly served with a copy of the complaint by certified mail on June 28, 1999. (Doc. 2). No answer was filed by the defendant. On September 28, 1999, the plaintiff filed an "Application for Entry of Judgment by Default." (Doc. 3). The plaintiff asserted therein, "The Court's records show that Kenyon was served with a copy of the summons and complaint on June 28, 1999. More than twenty (20) days have elapsed since Kenyon was served, and it has failed to anwer [sic] or otherwise plead in accordance with applicable law." (*Id.*, ¶ 1). The plaintiff requested that entry of default be entered pursuant to *Federal Rule of Civil Procedure* 55. The matter was referred to a magistrate judge pursuant to 28 U.S.C. § 636(b).

The magistrate judge entered an order affording the plaintiff an opportunity to submit evidence in support of his "Application for Entry of Judgment by Default." (Doc. 4). The

plaintiff submitted a response, showing proper service on the defendant. (Doc. 5). An "Entry of Default" was filed by the clerk on October 26, 1999. (Doc. 6).

In support of his "Application for Entry of Judgment by Default," the plaintiff attached an affidavit wherein he states that he was a manufacturer's representative for the defendant, selling products in Alabama pursuant to an agreement whereby he was to be paid a commission on the products he sold on behalf of the defendant. He states that, at the time the lawsuit was filed, the defendant owed the plaintiff $22,000.00 in unpaid commissions. (Doc. 3, Plaintiff's Affidavit, ¶ 4). Since then, the defendant has made three partial payments. (*Id.*, at ¶ 4). The outstanding balance is at least $19,119.16.[1] (*Id.*, at ¶ 5). The plaintiff also states that he has incurred an indebtedness of $2,500.00 to his attorney for costs as a consequence of the defendant's failure to pay. (*Id.*, at ¶ 7).

Under Alabama law, "A principal who fails to pay a commission as required [by law] is liable to the sales representative in a civil action for three times the damages sustained by the sales representative plus reasonable attorney's fees and court costs." *Ala. Code* § 8-24-3 (1995 Cum. Supp.). Accordingly, the court finds that the plaintiff has stated a claim under the Alabama Sales Representative's Commission Contracts Act, as amended. *Ala. Code* §§ 8-24-1, *et seq.* (1995 Cum. Supp.), and he is entitled to recover damages in the amount of $59,857.48, which constitutes treble damages on the outstanding balance,[2] plus $2,500.00 in attorney's fees, which the court deems reasonable. An order consistent with the findings herein will be entered

---

[1] This constitutes the amount articulated by the plaintiff in his affidavit. He does further state therein that additional, undocumented commissions are also due and owing. (Doc. 3, Plaintiff's Affidavit, ¶¶ 5 & 6)

[2] The court declines to order the defendant to pay treble damages on the three partial payments made prior to entry of this memorandum opinion and default judgment.

contemporaneously with this memorandum opinion.

**DONE**, this the _8th_ day of November, 1999.

/s/ Robert B. Propst
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE